IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SERGIO J. CRUZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 13-CV-1016-WDS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court has completed a preliminary review of the motion pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

This is not petitioner's first motion under § 2255. He filed an earlier motion seeking resentencing on the grounds that (1) the Supreme Court held in *Chambers v. United States*, 555 U.S. 122 (2009) that a failure-to-report offense is not a violent felony under the Armed Career Criminal Act, and (2) *Chambers* rendered petitioner's waiver of his right to bring a collateral attack unenforceable. This Court held that petitioner's waiver was enforceable, however, and dismissed his case with prejudice (Doc. 16, Case No. 09-CV-906). Petitioner's appeal of that decision was subsequently dismissed for his failure to comply with Circuit Rule 3(c). Petitioner then filed a "writ for deliverance from federal prison." The Court denied it, however, finding that it was actually a second or successive § 2255 motion that the Court did not have jurisdiction to

consider (Doc. 32, *id.*). Petitioner filed an appeal, but voluntarily dismissed it a few months later.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) generally prohibits federal prisoners from filing "second or successive" motions under 28 U.S.C. § 2255. They can do so, but subject to strict limitations:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). District courts lack jurisdiction to hear a second or successive motion under § 2255. *Burton v. Stewart,* 549 U.S. 147, 157 (2007); *Curry v. United States,* 507 F.3d 603, 605 (7th Cir. 2007); *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The general rule is that prisoners get one collateral attack on the merits per judgment. *Dahler v. United States*, 259 F.3d 763, 764 (7th Cir. 2001). Certain qualifications to that rule apply. For example, when a prisoner is resentenced and a new judgment is entered, the prisoner is entitled to challenge the new judgment. *Dahler*, 259 F.3d at 764 ("One substantive chance *per judgment* is the norm under [§ 2255(h)] and § 2244(b)."). Or when the factual predicate for the prisoner's claim was not available while his first motion was pending, he may bring a new motion to raise that claim. *United States v. Obeid*, 707 F.3d 898, 903 (7th Cir. 2013). Or when a prisoner's first motion was dismissed due to a curable technical deficiency, that motion does not count, and a second motion becomes the first. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005). Curable technical deficiencies include when the motion was filed "prematurely or in the wrong district or without payment of the filing fee, so that the dismissal is not final and therefore 'without prejudice.'" *Id.*

Petitioner argues that his previous § 2255 motion was not denied on the merits, since it was dismissed based on the waiver in his plea agreement. He also argues it was filed before the

Supreme Court's decision in *McQuiggin v. Perkins*, --- U.S. ----, 133 S.Ct. 1924 (2013). *McQuiggin* addressed the one-year statute of limitations that applies to applications for a writ of habeas corpus under 28 U.S.C. § 2244(d)(1). The Court held that a *convincing showing of actual innocence*, i.e., that the petitioner committed no crime, may permit him to overcome the one-year time limit, but the timing of the petition remains a factor bearing on the reliability of the evidence purporting to show actual innocence. *McQuiggin*, 133 S.Ct. at 1928; *Larsen v. Soto*, --- F.3d ----, No. 10-56118, 2013 WL 5066813, at *6 (9th Cir. Sept. 16, 2013). Petitioner claims that he is actually innocent of the career-offender designation in light of *Chambers v. United States*, 555 U.S. 122 (2009) and *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2013). Since he is actually innocent, he urges the Court to use the equitable discretion exemplified in *McQuiggin* to overcome the waiver of his right to bring a collateral attack in his plea agreement, which he views as a procedural bar. Moreover, he says, in *McQuiggin* the procedural bar was a statute passed by Congress and signed by the president, while his procedural bar is merely a contract. He points to some of the reasoning in *McQuiggin* that a prisoner "'otherwise subject to defenses of abusive or successive use of the writ [of habeas corpus] may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence.'" *McQuiggin*, 133 S.Ct. at 1931 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)) (alteration in original).

Notwithstanding petitioner's claim of actual innocence, the Court finds it does not have jurisdiction to consider this new motion. The Court dismissed petitioner's "writ for deliverance from federal prison" as a second or successive § 2255 motion, which at least assumed his earlier motion counted as a first motion. He had the opportunity to appeal that decision, but voluntarily dismissed his appeal. He cannot argue the point here.

In any event, the Court does not believe its decision was mistaken. The first motion does not meet the qualifications discussed above. Petitioner is not attacking a new judgment. He does not argue that some new fact (a factual predicate) was not available before. And the first motion was not dismissed due to a curable technical deficiency; it was dismissed with prejudice.

Petitioner's first motion counted, and the motion now before the Court is second or successive within the meaning of § 2255(h).

Although petitioner relies on *McQuiggin*, the possibility of a Supreme Court decision's providing a new avenue of relief is already contemplated within AEDPA. Namely, a panel of the court of appeals must certify that the second or successive motion contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2). That rule does not permit prisoners to bring a new "first" motion whenever the Supreme Court issues a decision. Since petitioner has not obtained certification by the court of appeals, this Court does not have jurisdiction to consider his motion and it must be dismissed.

### CERTIFICATE OF APPEALABILITY

Should a petitioner appeal a district court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability from the district court or the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when the petitioner is appealing from the dismissal of an unauthorized second or successive motion. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant petitioner "has made a substantial showing of the denial of a constitutional right." This means the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the motion has been dismissed on procedural grounds, the petitioner must also show that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Here, as to procedural grounds, the Court does not believe reasonable jurists would find it debatable whether petitioner's motion is second or successive. As to substantive grounds, the Court held in petitioner's first § 2255 motion that he had not made a substantial showing of the

4

denial of a constitutional right (Doc. 22, Case No. 09-CV-906), and the Supreme Court's decision in *McQuiggin* does not alter this Court's opinion. A certificate of appealability will not be issued.

### CONCLUSION

Petitioner's motion to vacate, set aside, or his correct sentence under 28 U.S.C. § 2255 (Doc. 1) is a second or successive motion that the court of appeals has not granted him leave to file. It is therefore **DISMISSED** for lack of jurisdiction. A certificate of appealability will **NOT** be issued. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 23, 2013**

                                             **/s/ WILLIAM D. STIEHL**
                                                 **DISTRICT JUDGE**